IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL R. KELLER,

    Plaintiff,

v.                                                        CASE NO. 1:11-cv-77-MP-GRJ

RUSSELL HINOTE and
C. HOLMES,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Hinote's motions to dismiss for lack of prosecution (Docs. 26 & 30.) On April 26, 2011, Plaintiff filed a *pro se* civil rights complaint. (Doc. 1.) The Court granted Plaintiff leave to proceed as a pauper and twice directed him to amend his complaint. (Docs. 4 & 8.) Plaintiff complied and his second amended complaint (Doc. 12) was served upon Defendant Hinote (Doc. 16). Service could not be executed as to Defendant Holmes. (Doc. 17.) Plaintiff has been absent from this litigation since at least February 2012. He has failed to respond to Defendant Hinote's February 13, 2012 initial discovery request; failed to comply with this Court's order compelling discovery responses (Doc. 25); failed to pay Defendant Hinote's attorney fees as ordered by the Court (Doc. 29); and failed to respond to Defendant Hinote's first motion to dismiss (Doc. 26).

Plaintiff, who was released from incarceration after initiating this lawsuit, provided the Court with an updated address on October 31, 2011. The docket reflects

that no mail has been returned to the Court as undeliverable and Plaintiff has not provided any additional address updates.

Pursuant to Fed. R. Civ. P. 41(b), a defendant may move to dismiss the action if the plaintiff fails to prosecute or to comply with a court's order. A trial court also has inherent power to dismiss a case *sua sponte* for failure to prosecute. Link v. Wabash Railroad, 370 U.S. 626 (1962); Eades v. Alabama Dept. of Human Resources, 298 Fed. Appx. 862 (11th Cir. 2008) (district court has discretion to dismiss case *sua sponte* where plaintiff has failed to comply with court orders and was on notice that such failure may result in dismissal).

Accordingly, it is respectfully **RECOMMENDED** that:

1.  Defendant Hinote's first motion to dismiss for failure to prosecute (Doc. 26) be **GRANTED.**

2.  Defendant Hinote's second motion to dismiss for failure to prosecute (Doc. 30) be **DENIED AS MOOT.**

3.  The case be **DISMISSED** without prejudice for failure to prosecute and for failure to obey an order of this Court.

**IN CHAMBERS**, at Gainesville, Florida, this 31st day of May 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 1:11-cv-77-MP-GRJ*